**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NEC CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>ANKER INNOVATIONS TECHNOLOGY CO., LTD. and ANKER INNOVATIONS LTD. (d/b/a "eufy"),<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-00720-JRG |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on August 27, 2026 regarding pending pretrial motions, a motion *in limine* ("MIL"), and disputed exhibits between Plaintiff NEC Corp. ("NEC") and Defendants Anker Innovations Technology Co., Ltd. and Anker Innovations Ltd. ("Anker") (together, the "Parties"). (Dkt. Nos. 113–121, 180, 215, and 216.) This Order memorializes the Court's rulings on the pretrial motions, MIL, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**1. Defendants' Motion for Summary Judgment of No Infringement of the '526 Patent (Dkt. No. 113)**

The Motion was **DENIED**.

**2. Defendants' Motion for Summary Judgment of No Infringement of the '635 Patent (Dkt. No. 114)**

The Motion was **DENIED**.

**3. Defendants' Motion to Strike and Exclude Expert Opinions of Dr. Weissman (Dkt. No. 115)**

The Motion was **DENIED**. However, the Court **ORDERED** that Dr. Weissman is precluded from offering any joint enterprise opinion.

**4. Defendants' Motion for Summary Judgment of No Pre-Suit Willful or Indirect Infringement, No Post-Suit Willful Infringement, and No Infringement of the '995 and '240 Patents (Dkt. No. 116)**

The Motion was **DENIED**.

Regarding the willful and induced infringement portions of this Motion, NEC accuses Anker of willfully and indirectly infringing U.S. Patent Nos. 10,037,467 (the "'467 Patent"), 10,999,635 (the "'635 Patent"), and 11,210,526 (the "'526 Patent") based on a pre-suit letter NEC dated June 3, 2024. The pre-suit letter (Dkt. No. 116-2) identifies three (3) asserted patents as being infringed, along with approximately seventy (70) other patents.

Anker argues it is entitled to summary judgment of no pre-suit willful and induced infringement because NEC has no evidence that Anker had knowledge of any alleged infringement of the '467, '635, and '526 Patents or that it intended to infringe those patents. NEC argues that after hearing trial testimony elicited by both sides, the jury may agree with Anker that it was justified in not responding to NEC's letter or conducting any diligence regarding NEC's accusations of infringement, or it might not.

The Court found that material fact disputes existed precluding a grant of summary judgment for pre-suit willful and induced infringement. Likewise, the Court found that material fact disputes precluded summary judgment of no post-suit willful infringement.

**5. Defendants' Motion to Exclude Expert Opinions of Jim W. Bergman (Dkt. No. 117)**

The Motion was **GRANTED IN PART**. The Court struck the portions of Mr. Bergman's report that rely on the struck apportionment opinions of Dr. Madisetti.

The Court **ORDERED** that Plaintiff and Defendants may serve supplemental expert reports regarding struck apportionment analysis as follows. Plaintiff may serve a supplemental report for both Dr. Madisetti and Mr. Bergman only addressing struck apportionment issues by September 3, 2026. The Defendants are permitted to serve rebuttal reports to these supplements by September 10, 2026.

The Court **ORDERED** that the Parties may file supplemental motions regarding struck apportionment analysis as follows. The Defendants may file motions to strike Plaintiff's supplemental reports by September 8, 2026. Plaintiff's responses to any supplemental motions to strike filed by Defendants shall be filed by September 14, 2026. Plaintiff similarly may file motions to strike Defendants' rebuttal reports, but it must file by September 16, 2026. Defendants' responses to the Plaintiff's motions to strike are not to be filed later than September 21, 2026. Any such filing shall be limited to no more than five (5) pages long.

The Motion was otherwise **DENIED**.

**6. Defendants' Motion for Summary Judgment of No Infringement of the '467 Patent (Dkt. No. 118)**

The Motion was **DENIED**.

**7. Plaintiff NEC Corporation's Motion to Strike and Exclude Mr. de la Iglesia's Untimely Claim Construction Positions and Opinions Relating to Proposed Non-Infringing Alternatives (Dkt. No. 119)**

The Motion was **GRANTED IN PART**. For Mr. de la Iglesia's noninfringement report, the Court **ORDERED** that the following words are deleted from the last sentence in paragraph 220: "the definition of," such that the sentence now reads "and the specification thus support tabs as being visible . . . ." The Court also **ORDERED** that the witness not opine to the jury on prosecution history or the process of prosecuting patents absent leave of Court.

The Motion was otherwise **DENIED**.

**8. Defendants' Motion for Summary Judgment of No Infringement on the '814 Patent (Dkt. No. 120)**

The Motion was **DENIED**.

**9. Defendants' Motion to Strike and Exclude Expert Opinions of Dr. Madisetti (Dkt. No. 121)**

The Motion was **GRANTED IN PART**. The Court struck Dr. Madisetti's apportionment analysis in paragraphs 1316–1324 in his opening report, but granted leave to supplement such apportionment opinions in accordance with the schedule discussed above.

The Motion was otherwise **DENIED**.

**10. Defendants' Motion *in Limine* (Dkt. No. 180)**

The Motion was **GRANTED**. The Court explained that Plaintiff may seek leave from the Court to advance evidence implicating this MIL.

**11. Defendants' Motion to Strike Plaintiff's Amended Infringement Contentions Pursuant to L.P.R. 3-6(a) (Dkt. No. 215)**

The Motion was **DENIED**.

**12. Defendants' Supplemental Motions for Summary Judgment of No Infringement on the '814 Patent, Motion to Exclude the Supplemental Expert Report of Dr. Madisetti, and Further Briefing in Support of Defendants' Pending Motions to Exclude Opinions of Dr. Madisetti and Mr. Bergman (Dkt. No. 216)**

The Motion was **DENIED**. However, the Court **ORDERED** that Dr. Madisetti is precluded from offering any joint enterprise opinion.

**13. Parties' Exhibit Disputes**

NEC's exhibits in categories 2 and 7 were **PRE-ADMITTED**, subject to any conditions made in the record; exhibits in categories 1, 3, 4, 5, 6, and 9 were **NOT PRE-ADMITTED**. (*See* Ex. 1 *infra*; Dkt. No. 232 (transcript).) For the exhibits cited in NEC category 6, the Court clarified that an expert may rely on such exhibits if appropriately used in a demonstrative even though they are not pre-admitted.

Anker's exhibits in categories 2, 3, and 4 were **NOT PRE-ADMITTED**. (*See* Ex. 1 *infra*; Dkt. No. 232 (transcript).) However, for the exhibits cited in Anker category 3, the Court similarly clarified that an expert may rely on such exhibits if appropriately used in a demonstrative even though they are not pre-admitted.

The Parties are **ORDERED** to jointly produce a list of all pre-admitted exhibits and promptly send the same to the Court via the Courtroom Deputy. Such list shall accurately reflect the results of the Court's rulings during this portion of the pre-trial process.

**So ORDERED and SIGNED this 9th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# **Exhibit 1**

**From:** Eric Findlay <efindlay@findlaycraft.com>
**Sent:** Tuesday, August 25, 2026 11:55 AM
**To:** Kevin Stewart <Kevin_Stewart@txed.uscourts.gov>
**Cc:** Vann Pearce <vpearce@orrick.com>; Christopher J. Higgins <chiggins@orrick.com>; Alison T. Gelsleichter <AGelsleichter@mayerbrown.com>; Anker-NEC_OHS <Anker-NEC_OHS@orrick.com>; US-CLIENT-NEC-Anker-Service <NEC-Anker-Service@mayerbrown.com>; Kelly Tidwell <kbt@texarkanalaw.com>; Saqib Siddiqui <SSiddiqui@mayerbrown.com>; Geoff Culbertson <gpc@texarkanalaw.com>; John Augelli <jaugelli@orrick.com>; Rahul Gupta <Rahul_Gupta@txed.uscourts.gov>; James Cowan <James_Cowan@txed.uscourts.gov>; Christine Akagi <Christine_Akagi@txed.uscourts.gov>; Andrea Brunson <Andrea_Brunson@txed.uscourts.gov>
**Subject:** RE: NEC v. Anker, No. 2:24-cv-720 (August 27 Pre Trial Conference)

**CAUTION - EXTERNAL:**

Mr. Stewart,

On behalf of the Parties, please see the completed tables below in preparation of Thursday's Pretrial Conference:

**Summary Judgment and *Daubert* Motions**

*The Parties note that given the sub-topics addressed in certain motions, the Parties may change a particular assignment for the argument and will inform the Court of the same tomorrow.

| Pending Motions | | | | | | |
|---|---|---|---|---|---|---|
| **Group No.** | **Group** | **Dkt. No.** | **Filing Party** | **Motion** | **Plaintiff's Arguing Attorney** | **Defendants' Arguing Attorney** |
| 1 | Motions for Summary Judgment | 113 | Defendants | Motion for Summary Judgment of No Infringement of the '526 Patent | Tariq Javed | John Augelli |
| | | 114 | Defendants | Motion for Summary Judgment of No Infringement on the '635 Patent | Séké Godo | Chris Higgins |
| | | 116 | Defendants | Motion for Summary Judgment of No Pre-Suit Willful or Indirect Infringement | Amanda Streff Bonner | Rest on Papers |
| | | 118 | Defendants | Motion for Summary Judgment of No Infringement on the '467 Patent | Saqib Siddiqui | Vann Pearce |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 120 | Defendants | Motion for Summary Judgment of No Infringement on the ’814 Patent | Sora Ko | Vann Pearce |
| | | 216 | Defendants | Supplemental Motions for Summary Judgment of No Infringement on the ’814 Patent and to Exclude Related Opinions | Sora Ko | Vann Pearce |
| 2 | *Daubert*Motions / Motions to Strike | 115 | Defendants | Motion to Strike and Exclude Opinions of Dr. Weissman | Courtney Krawice | Chris Higgins |
| | | 121 | Defendants | Motion to Strike and Exclude Expert Opinions of Dr. Madisetti | Saqib Siddiqui | Eric Findlay and Rose Sun |
| | | 117 | Defendants | Motion to Exclude Expert Opinions of Jim W. Bergman | Tariq Javed (claim construction opinions)<br><br>Saqib Siddiqui (Non-Infringing Alternatives) | Eric Findlay |
| | | 119 | Plaintiff | Motion to Strike and Exclude Mr. De La Iglesias Opinions | Courtney Krawice (common issues as Dkt. No. 115)<br><br>Saqib Siddiqui / Tariq Javed (unique issues) | Vann Pearce and Chris Higgins |
| | | 215 | Defendants | Motion to Strike Plaintiff's Amended Infringement Contentions | Saqib Siddiqui | Rose Sun |

**<u>Anker’s Motion *in Limine*</u>**

| **Motions *in Limine*** | | | | |
|---|---|---|---|---|
| **Dkt. No.** | **Filing Party** | **Motion** | **Plaintiff’s Arguing Attorney** | **Defendant’s Arguing Attorney** |
| 180 | Defendants | Motion to preclude NEC from introducing irrelevant and highly prejudicial evidence and testimony about its AI and video surveillance products that do not practice the Asserted Patents | Geoff Culbertson | Rose Sun |

**Exhibit Objections**

| Buckets of Anker's Exhibit Objections | | | | | |
|---|---|---|---|---|---|
| **#** | **Exhibit Bucket Name** | **Exhibit Number(s) & Title** | **Objection(s) (e.g., "Hearsay" or "Relevance")** | **Plaintiff's Arguing Attorney** | **Defendants' Arguing Attorney** |
| 1 | NEC Press Releases and Products | PX-0014, PX-0015, PX-0016, PX-0042, PX-0043 | MIL, Relevance, Prejudice | Geoff Culbertson | Rose Sun |
| 2 | Improper Compilations and Foreign Websites | PX-0004 (Anker Accused Product Schematics), PX-0005 (Anker Accused Product User Guides and Quick Start Guides), PX-0006 (eufy.com webpages) | Relevance, Improper Compilation of 50+ exhibits, Violation of Standing Order on Number of Exhibits | Saqib Siddiqui | Eric Findlay |
| 3 | NEC Counsel Letter to Anker Counsel Regarding Service of Process | PX-0001 (2024-10-29 Letter from S. Siddiqui to Eufy/Anker) | Irrelevant correspondence between litigation counsel, Court MIL #1. | Geoff Culbertson | Rose Sun |
| 4 | Customer Feedback | PX-0009 (Anker Accused Product Testing) | Foreign Language, Hearsay, Inaccurate Description, Multiple Documents Combined Together Into One Exhibit | Courtney Krawice | Chris Higgins |
| 5 | Expert Report Screenshots | PX-0011, PX-0012, PX-0013 | Not evidence | Courtney Krawice | Eric Findlay |
| 6 | Third Party Websites about Third Party Products | PX-0018 through PX-0025, PX-0036 through PX-0039, PX-0044 through PX-0046 | Hearsay, Authentication, Relevance | Geoff Culbertson | John Augelli |
| 7 | Third Party FCC Documents | PX-0002 (FCC Test Reports Model Nos. T86P2, T8134, T8170, T8425) | Authentication, Hearsay | Geoff Culbertson | John Augelli |
| 9 | Third Party Websites About Anker | PX-0030 through PX-0035 | Hearsay, Authentication, Relevance | Geoff Culbertson | John Augelli |

| Buckets of NEC's Exhibit Objections | | | | | |
|---|---|---|---|---|---|
| # | Exhibit Bucket Name | Exhibit Number(s) & Title | Objection(s) (e.g., "Hearsay" or "Relevance") | Plaintiff's Arguing Attorney | Defendants' Arguing Attorney |
| 1 | Anker's Total Number of Exhibits | Anker's current Exhibit List has 100+ exhibits but Anker has indicated that it will be filing a revised Exhibit List prior to the Pre-Trial Conference, so the parties will continue to meet and confer in an effort to narrow and/or streamline disputes. | Violation of the Court's Amended Standing Order on Number and Use of Exhibits (Party Exhibit List shall contain no more than 30 exhibits) | Geoff Culbertson | Eric Findlay |
| 2 | NEC negotiation documents and term sheets with non-parties | <u>77 Total Exhibits in the current Anker Exhibit List</u>:<br><br>Anker proposes to combine these as DX-0709 through DX-717 in the revised exhibit list<br><br>DX-575 (Proposed Term Sheet between Ecobee and NEC), DX-576 (Proposed Term Sheet between Lorex and NEC), DX-577 (Proposed Term Sheet between Reolink and NEC), DX-578 (Proposed Term Sheet between Wyze and NEC), DX-579, DX-580, DX-581, DX-613, DX-614, DX-615, DX-616, DX-617, DX-618, DX-619, DX-620, DX-621, DX-622, DX-623, DX-624, DX-625, DX-626, DX-627, DX-628, DX-629, DX-630, DX-631, DX-632, DX-633, DX-634, DX-635, DX-636, DX-637, DX-638, DX-639, DX-640, DX-641, DX-642, DX-643, DX-644, DX-645, DX-646, DX-647, DX-648, DX-649, DX-650, DX-651, DX-652, DX-653, DX-654, DX-655, DX-656, DX-657, DX-658, DX-659, DX-660, DX-661, DX-662, DX-663, DX-664, DX-665, DX-666, DX-667, DX-668, DX-669, DX-670, DX-671, DX-672, DX-673, DX-675, DX-676, DX-677, DX-678, DX-679, DX-680, DX-681, DX-682, DX-683. | Compromise & Offers to Compromise (Federal Rule of Evidence 408), Relevance | Geoff Culbertson | Eric Findlay |
| 3 | Background Prior Art | <u>17 Total Exhibits</u>:<br>DX-129, DX-130, DX-131, DX-132, DX-138, DX-139, DX-140, DX-141, DX-142, DX-157, DX-174, DX-176, DX-177, DX- | Violation of Court MIL No. 4 (prior art that is not disclosed in | Geoff Culbertson/ Courtney Krawice | John Augelli |

| | | | | | |
|---|---|---|---|---|---|
| | | 178, DX-179, DX-180, DX-181 (U.S. Pre-grant Pub. No. 2015/0199617). | a specific combination set forth in any party's expert report or invalidity contentions) | | |
| 4 | Documents related to no longer asserted '995 Patent and Anker's Motion to Compel Documents re Patent Sale to IP Wave which was denied (Dkt. No. 112) | <u>3 Total Exhibits</u>: DX-524 (Patent Assignment Cover Sheet from NEC Asia Pacific Pte Ltd. to IP Wave Pte Ltd.), DX-525 (Patent Assignment Agreement from NEC Asia Pacific Pte Ltd. to IP Wave Pte Ltd.), DX-690 (Patent Assignment from NEC Asia Pacific Pte Ltd. to IP Wave Pte Ltd.). | Violation of Court MIL No. 1 (discovery disputes or dropped claims) | Geoff Culbertson | Chris Higgins |

Electronic copies of the Expert Reports can be found in the Dropbox link below:
https://www.dropbox.com/scl/fo/hcl0wog0ycyd46apsg6on/AClPeNrNMs1NTAoGPEEeQWo?rlkey=iir7ljhmvz5t4gd2f1lz1rqpj&dl=0

Let us know if the Court needs anything further.

Best,

Eric

Eric H. Findlay
**Findlay Craft, P.C.**
7270 Crosswater Avenue
Tyler, Texas 75703
(903) 534-1100 M: (903) 571-6963
www.findlaycraft.com